**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GLEN DALE BELL,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-586-Y |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Glen Dale Bell, TDCJ-ID #1442248, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In 2004 Bell was charged by indictment with indecency with a child in Tarrant County,

Texas, Cause No. 0996601D. (Clerk's R. at 2) The indictment also included a habitual offender notice, alleging a prior 2000 felony firearms conviction and a prior 1986 felony indecency conviction. A jury found him guilty of the underlying offense, and the trial court found true to the firearms conviction, not true to the indecency conviction, and assessed Bell's punishment at life imprisonment. (*Id.* at 56) Bell appealed his conviction, but the Court of Appeals for the Second District of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Bell v. Texas*, No. 02-06-337-CR, slip op. (Tex. App.–Fort Worth July 26, 2007); *Bell v. Texas*, PDR No. 1415-07. Bell also sought postconviction state habeas relief to no avail. *Ex parte Bell*, Appl. No. WR-69,766-01. This federal petition for writ of habeas corpus followed.

### D. ISSUES

Bell challenges the legal and factual sufficiency of the evidence to support his conviction and the legality of his sentence. (Petition at 7)

### E. RULE 5 STATEMENT

Quarterman does not contend that Bell's claims are successive, unexhausted or time-barred. (Resp't Answer at 5)

### F. DISCUSSION

#### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state

court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963);[1] *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997).

2. Sufficiency of the Evidence

Bell claims the evidence was legally and factually insufficient to support his conviction because the complainant could not testify to any details of the offense and relied upon leading questions by the prosecutor. (Petition at 7) A factual insufficiency claim is not cognizable on federal habeas corpus review. *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002). In challenges to state convictions under § 2254, only the legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979), need be satisfied. Under this standard, a federal court must consider whether, viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt. *Id.* Evidence adduced at trial, as well as all inferences reasonably drawn from it, is viewed in the light most favorable to the verdict. *See United States v. Sanchez,* 961 F.2d 1169, 1173 (5th Cir. 1992). The jury is the final arbiter of the weight of the evidence and of the credibility of witnesses. *United States v. Barksdale-Contreras,* 972 F.2d 111, 114 (5th Cir. 1992).

Under state law, a person commits an offense if, with a child younger than 17 years of age and not the person's spouse, the person engages in sexual contact with the child. TEX. PENAL CODE ANN.§ 21.11(a)(1) (Vernon 2003). "Sexual contact" means any touching by a person, including

---

[1] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

touching through clothing, with the anus, breast, or any part of the genitals of a child, if committed with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(1). The indictment alleged that on or about August 20, 2005, Bell, with the intent to arouse or gratify his sexual desire, engaged in sexual contact by touching the genitals of L.R., a child younger than 17 years and not his spouse. (Clerk's R. at 2)

At trial, L.R. testified that in August 2005, she lived with her mother and Bell, her stepfather, in Azle, Texas, for several weeks. (Reporter's R., vol. 3, at 15-51) During that time, on one occasion Bell stated that he wanted "some pussy" and on another occasion touched her vaginal area over her panties on his bed. On more than one occasion he touched her breasts. L.R. did not like what Bell was doing, but she was scared and Bell told her not to tell. When she finally told her mother, her mother did not believe the allegations. L.R. admitted that some of her statements to CPS in September 2005 and to the state prosecutor a week before trial were inconsistent with her testimony at trial regarding certain details. Timothy Musgrove testified that in September 2005 he had a conversation with Bell who told him he had had a relationship with his common law wife's 16-year-old daughter, that he was attracted to her, and that he had put his hand up her skirt on one occasion and fondled her vagina over her panties in her bedroom. (*Id.* 51-56) Shawn Braun, a licensed psychologist, testified that Bell admitted to him and others that on one occasion L.R. came into his bedroom and sat down beside him, at which time he put his hand on her leg and ran his hand up underneath her shorts, touched her vagina and rubbed her vagina for sexual purposes. (*Id.* at 56-62) Andy Sheppard testified that, during an interview with Bell, Bell admitted that on one occasion he rubbed L.R.'s vagina while sitting next to her on his bed for a couple of seconds, and she told him to stop and walked out of the room. After the interview was terminated, Sheppard made a report to

5

CPS.  (*Id.* at 64-71)

In light of the evidence, the state appellate court concluded that the evidence was legally sufficient.  In turn, the Texas Court of Criminal Appeals also rejected Bell's sufficiency claim by refusing his petition for discretionary review.  This was an adjudication regarding the merits of the claim.  Having conducted an independent inquiry as to sufficiency under the *Jackson* standard, the state courts' disposition of the legal sufficiency-of-the-evidence claim appears consistent with *Jackson*.  The factual inconsistencies Bell offers were properly resolved by the jury.  It is not for this court to usurp the decision-making authority of the jury.  *Jackson,* 443 U.S. at 319.

### 3.  Illegal Sentence

Bell claims he did not enter a plea to the allegations in the habitual offender notice rendering his sentence enhancement from a second degree felony to a first degree felony insufficient and his life sentence illegal.  First, Bell's assertion is factually incorrect as his attorney entered a not guilty plea to the enhancement allegations on his behalf.  (Reporter's R., vol. 4, at 5)  Second, federal habeas relief is available only where a petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law.  *Haynes v. Butler,* 825 F.2d 921, 923-924 (5th Cir. 1987).  Under the facts of Bell's case, the offense is a felony of the second degree.  TEX. PENAL CODE ANN. § 21.11(d).  However, if it is shown that he has any prior felony convictions, the offense is punishable as a first degree felony.  *Id.* § 12.42(b) (Vernon Supp. 2008).  The trial court found Bell had been once before convicted of a felony.  A sentence of life imprisonment is within the legal range for a second degree felony conviction enhanced by one other prior felony conviction.  *Id.* § 12.32 (Vernon 2003).  If a sentence is within the statutory limits, a petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to

an arbitrary or capricious abuse of discretion, or that an error of law resulted in the improper exercise of the trial court's discretion and thereby deprived the petitioner of his liberty. *Haynes,* 825 F.2d at 924. Bell has made no such showing.

## II. RECOMMENDATION

Bell's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 30, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 30, 2009, to

serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 9, 2009.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE